IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

FARZAD OMARAIE, )
)
Plaintiff, ) 06CV3548
) JUDGE CASTILLO
v. ) MAG. NOLAN
)
KCA FINANCIAL SERVICES, INC., )
)
Defendant. ) JURY DEMAND

FILED
JUN 2 9 2006
MICHAEL W. DOBBINS

## COMPLAINT

Plaintiff, Farzad Omaraie, brings this Complaint against Defendant, KCA Financial Services, Inc., seeking redress for violation of the Fair Debt Collection Practices Act, ("FDCPA").

*Parties*

1. Plaintiff, Farzad Omaraie, ("Mr. Omaraie"), is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA that is residing in this district. Plaintiff demands a trial by jury.

2. KCA Financial Services Inc. ("KCA") is regularly engaged in the business of the collection of debts allegedly owed by consumers. KCA is a "debt collector" as that term is defined by section 1692a(6) of the FDCPA.

**Jurisdiction and Venue**

3. This Court has federal question jurisdiction under 28 U.S.C. § 1331 because claims arise under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(k).

4. Venue is proper in this district under 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district because Defendant can be found, have agents in

and/or transact business in this district, and the interests of justice require maintenance of this action in this district.

## *Factual Allegations*

5. In May 2005, Mr. Omaraie learned that KCA was reporting that he owed an unpaid debt to Northwest Radiology Associates.

6. Mr. Omaraie sent notice of dispute of this alleged debt in a letter dated May 9, 2005.

7. This letter was delivered to KCA on May 12, 2005.

8. The letter was signed for by a KCA employee known as S. Catey on May 12, 2005.

9. KCA did not reply to Mr. Omaraie in response to the letter that it received on May 12, 2005.

10. On June 17, 2005, Mr. Omaraie disputed the information about the KCA Financial Services trade line in his credit report to Equifax.

11. On or about July 6, 2005, Equifax informed Mr. Omaraie that in response to his request for reinvestigation, KCA had reported to Equifax that Mr. Omaraie owed an unpaid $64 collection account as of June 2006.

12. KCA did not report the status of the debt as disputed to Equifax.

13. Moreover, after July 6, 2005, KCA has failed to communicate to consumer reporting agencies that the disputed debt is disputed.

## COUNT I
### *Violation of the FDCPA Section 1692e*

14. Plaintiff reallege and incorporate paragraphs 1-13 into this count.

15. Section 1692c(8) of the FDCPA states in relevant part:

> *A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt...*
>
> > (8) *Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.*

16. KCA has failed to communicate to consumer reporting agencies that the subject debt is disputed.

WHEREFORE, Plaintiff, Farzad Omaraie, respectfully requests that this Court enter judgment in his favor and against Defendant, KCA Financial Services, Inc., and award:

(A) Actual damages;

(B) Statutory Damages;

(C) Reasonable attorney fees and costs; and

(D) Any such other relief the court deems appropriate.

Respectfully submitted,
Farzad Omaraie, Plaintiff

By: _____
One of His Attorneys

Christopher Langone
Mark Lavery, *Of Counsel*
The Langone Law Firm
25 E. Washington, Suite 1805
Chicago, Illinois 60602
(312) 782-2000